```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/18/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ADRIAN MUNGIN,

                Plaintiff,        13 Civ. 6049 (KBF)

          -v-

                                                    MEMORANDUM
DR. BORIS MAGID, M.D.,                   DECISION & ORDER

                Defendant.
------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

      Before the Court is defendant Dr. Boris Magid's motion to dismiss the amended complaint filed by plaintiff pro se Adrian Mungin. (ECF No. 18.) For the following reasons, defendant's motion is GRANTED and the complaint is DISMISSED.

I.     BACKGROUND

      The following facts are as alleged in plaintiff's amended complaint (ECF No. 6), which the Court assumes to be true for purposes of this motion.

      During the events in question, plaintiff was incarcerated in the Eric M. Taylor Center correctional facility at Rikers Island. (Am. Compl. § II.A.) Plaintiff alleges that he was taking medications related to certain mental-health issues, including bipolar disorder and depression. (Id. § II.D.) On August 14, 2013, an unnamed doctor, presumably defendant, stopped giving him his medication. (Id.) Plaintiff alleges that he went to sick call and that a nurse told him that she "put [his] med in," but that he never received the medication. (Id.) Plaintiff further

claims that a social worker emailed the head of mental health, but that he or she "did not do anything." (Id.) In the "Injuries" section of his complaint, plaintiff does not allege that he sustained any injuries, but only that he takes two medications for bipolar disorder and depression. (Id. § III.) In his opposition to defendants' motion, plaintiff states that he "was stress[ed] out," and that "[t]he doct[o]r," presumably defendant, "[knew] that [plaintiff] need[ed] his] meds." (ECF No. 22 at 22.)

On August 27, 2013, plaintiff filed a complaint in this action that named John Doe and Jane Doe defendants. (ECF No. 2.) On September 23, 2013, plaintiff filed an amended complaint that named only "Dr. Boris Magid, M.D., Senior Psychiatrist, City of New York." (ECF No. 6.) While plaintiff does not specify any individual causes of action, he completed a 42 U.S.C. § 1983 form; the Court therefore presumes that he alleges a cause of action for deprivation of medical care under that statute. Plaintiff seeks $7 million for denial of his mental-health medications. (Am. Compl. § V.)

On February 18, 2014, defendant moved to dismiss the amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 18.) That motion became fully briefed on March 7, 2014. (ECF No. 23.)

II.   STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

2

inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In applying that standard, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in plaintiff's favor, but does not credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." Id. Furthermore, the Court will give "no effect to legal conclusions couched as factual allegations." Port Dock & Stone Corp. v. Oldcastle Northeast, Inc., 507 F.3d 117, 121 (2d Cir. 2007).

The Court "liberally construe[s] pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007) (internal citation and quotation marks omitted). Nonetheless, even a pro se complaint "must contain sufficient factual allegations to meet the plausibility standard." DiPetto v. U.S. Postal Serv., 383 F. App'x 102, 103 (2d Cir. 2010).

III. DISCUSSION

Plaintiff's complaint fails to state a claim under the standard set forth by the Supreme Court for deprivation of medical care pursuant to 42 U.S.C. § 1983.

To succeed on a claim for deprivation of medical care, a plaintiff must show that a defendant acted with "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). "[M]ere negligence will not suffice." Hayes v. N.Y. City Dep't of Corr., 84 F.3d 614, 620 (2d Cir. 1996). "[T]he deliberate indifference standard embodies both an objective and a subjective prong. Objectively, the alleged deprivation must be sufficiently serious, in the sense that a

3

condition of urgency, one that may produce death, degeneration, or extreme pain exists.  Subjectively, the charged official must act with a sufficiently culpable state of mind." Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996) (citations omitted).

Even liberally construed, plaintiff's complaint fails to meet this exacting standard.

On the objective prong, plaintiff alleges only that he did not receive certain medications on a single occasion and that he was "stress[ed] out."  Even liberally construing plaintiff's "stress" in light of his mental-health conditions, plaintiff has not alleged that he suffered any "serious . . . condition of urgency . . . that may produce death, degeneration, or extreme pain." Id. at 553.  Furthermore, plaintiff alleges only "an isolated occurrence," which "militates against [a] finding of deliberate indifference." Velasquez v. City of New York, No. 99 Civ. 3594 (RCC), 2000 WL 325683, at *5 (S.D.N.Y. Mar. 28, 2000) (internal quotation marks omitted).

Plaintiff also fails to satisfy the subjective prong of the deliberate-indifference inquiry.  "The required state of mind, equivalent to criminal recklessness, is that the official knows of and disregards an excessive risk to inmate health or safety." Hemmings v. Gorczyk, 134 F.3d 104, 108 (2d Cir. 1998); see also Estelle, 429 U.S. at 105 (explaining that "an inadvertent failure to provide adequate medical care" is insufficient).  While plaintiff apparently alleges that defendant knew that plaintiff needed his medications, he does not allege that defendant knew of or disregarded any risk of harm to plaintiff, let alone an excessive risk, because of lacking

4

medications. Thus, he does not allege that defendant "act[ed] with a sufficiently culpable state of mind." Hathaway, 99 F.3d at 553.

Thus, plaintiff's amended complaint fails to state a claim for deprivation of medical care pursuant to § 1983.[1]

IV. CONCLUSION

For these reasons, defendant's motion to dismiss the amended complaint pursuant to Rule 12(b)(6) is GRANTED.

The Second Circuit has instructed that a district "court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991). Plaintiff has already amended his complaint once, and even a liberal reading of the complaint does not suggest that plaintiff has a valid claim. Nonetheless, plaintiff may reopen this case by filing an amended complaint that remedies the inadequacies in his original complaint **within 30 days** of receiving this decision.

---

[1] The Court notes that, although plaintiff used a § 1983 form, plaintiff's complaint—construed extremely liberally—could also allege state-law claims for negligence. This Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, the Court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C.§ 1367(c)(3). Accordingly, the Court declines supplemental jurisdiction over any state-law claims that may be cobbled together from the instant complaint. See Pitchell v. Callan, 13 F.3d 545, 549 (2d Cir. 1994) ("[I]t is axiomatic that a court should decline to exercise jurisdiction over state-law claims when it dismisses the federal claims prior to trial.").

The Clerk of Court is directed to close the motion at ECF No. 18 and to terminate this action.

SO ORDERED.

Dated:     New York, New York
           March 18, 2014

_____
KATHERINE B. FORREST
United States District Judge

CC:
Adrian Mungin
8 East 3rd Street
New York, NY 10003
PRO SE

6